UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| KEVIN CUNNINGHAM, | ) | |
|---|---|---|
| Petitioner, | ) | Civil No. 10-234-GFVT |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ERIC D. WILSON, Warden, | ) | **AND ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Petitioner Kevin Cunningham is in the custody of the Federal Bureau of Prisons ("BOP"), and he is currently confined in the United States Penitentiary ("USP-McCreary") in Pine Knot, Kentucky. Cunningham has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the amount of jail time credit the BOP has given him on his federal sentence. [R. 2.] The Respondent has filed a response to the petition [R. 15], and this matter is ripe for review.

Cunningham asserts that he is entitled to pre-sentence credits toward his federal sentence for a portion of the time he spent in state custody, but the BOP has declined to give him any credit on his federal sentence prior to March 19, 2008, the date he completed service of a state sentence and was taken into federal custody. Cunningham claims that the BOP owes him more than three years of jail credit time, from June 21, 2004 through April 28, 2008, and that the BOP failed to properly consider his request for a *nunc pro tunc* designation in violation of its own policies and program statements. Cunningham has pursued and exhausted the administrative remedies available to him.

For the reasons stated below, the Court concludes that Cunningham is not entitled to any additional jail time credit. Therefore, his § 2241 petition will be dismissed.

**I.**

In order to determine whether the BOP's calculation of Cunningham's jail time credit is correct, a brief chronological summary of his state and federal criminal history, including court appearances, convictions, and the respective sentences he has received and served, is necessary. That summary follows:

> **July 31, 2002** - Cunningham committed an aggravated robbery in Madison County, Tennessee. He was arrested by the Madison County Sheriff's Office on **August 2, 2002,** and charged with Aggravated Robbery, Possession of a Firearm, and Parole Violation on a prior Tennessee conviction. [*See* R. 15, Attachs 12, 2, and 3.]
>
> **August 12, 2002** - Cunningham's parole was revoked. He was subsequently transferred to the Tennessee Department of Corrections ("TDOC") to begin service of his state parole violation sentence. [*See* R. 15, Attachs. 12, 3, and 7.]
>
> **September 16, 2002 -** a federal Indictment was issued in the Western District of Tennessee charging Cunningham with a violation of Title 18 U.S.C. § 922(g), unlawful transport of a firearm. [*See* R. 15, Attachs. 12 and 4.]
>
> **October 9, 2002 -** while serving his state sentence for parole violation and being in custody on other state charges, Cunningham was "borrowed" from the TDOC by the United States Marshal's Service ("USMS") pursuant to a Writ of Habeas Corpus Ad Prosequendum for a court appearance on the federal indictment. [*See* R. 15, Attachs. 12 and 5.]
>
> **November 4, 2002 -** Cunningham was indicted in the Circuit Court of Madison County, Tennessee, on charges of Aggravated Robbery in case number 02-691 and on charges of Possession of Marijuana, Possession of Drug Paraphernalia and Unlawfully Carrying or Possession of a Weapon in case number 02-692. [*See* R. 15, Attach. 12; Cunningham's Presentence Investigation Report (filed under seal) (hereinafter "PSR").]
>
> **May 6, 2004 -** Cunningham's sentence on the state parole violation charge expired. [*See* R. 15, Attach. 11.] However, he remained in state custody on the

2

state charge of Aggravated Robbery pending in the Circuit Court of Madison County, Tennessee, in Case No. 02-691 and on charges of Possession of Marijuana, Possession of Drug Paraphernalia, and Unlawfully Carrying or Possession of a Weapon in Case No. 02-692. [*See* R. 15, Attach. 12; PSR.]

**May 12, 2004** - Cunningham was sentenced in the United States District Court for the Western District of Tennessee to a total of 63 months imprisonment and 3 years supervised release for being a Felon in Possession of a Firearm in Criminal Case No. 1:02-10050. At that time, the state charge of Aggravated Robbery was still pending against Cunningham; thus, he had yet to be convicted or sentenced on that state charge. Following Cunningham's federal sentencing hearing, the USMS returned Cunningham to state custody and was informed that Cunningham's parole violation sentence had been completed, but that due to a detainer by the original arresting officials in Madison County, Tennessee, primary jurisdiction still belonged to the State of Tennessee. [*See* R. 15, Attachs. 12 and 5; PSR.]

**June 21, 2004** - Cunningham was sentenced to a term of 6 years imprisonment on the Aggravated Robbery charge that was amended to Robbery by the Madison County Circuit Court in Case No. 02-691. The state court judge ordered that the state sentence run concurrently with the federal sentence in Case No. 1:02-10050. [*See* R. 15, Attachs. 12 and 2.]

**March 19, 2008** - Cunningham completed service of his state sentence and was released by Tennessee state authorities to the USMS, and his federal sentence began to run at that time. [*See* R. 15, Attachs. 12, 5, and 7.]

## II.

### A.

In *Ponzi v. Fessenden*, 258 U.S. 254, 260-262 (1922), the Supreme Court first recognized the doctrine of primary jurisdiction in order to provide an orderly method of prosecuting an individual who has violated the law of more than one sovereign. Pursuant to this doctrine, the sovereign that first arrests an individual has primary control or custody over him, and its claim over him has priority over all other sovereigns that subsequently arrest him. *Id.* Further, it is entitled to have him serve a sentence that it imposes before he serves any sentence imposed by

3

another sovereign, and it retains this priority, unless and until it has relinquished its jurisdiction to some other sovereign. *Id.*; *see also United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002); *In re Liberatore*, 574 F.2d 78, 88-89 (2d Cir. 1978); *Rambo v. Hogsten*, 2010 WL 4791970, at *4 (E.D. Ky. Nov. 17, 2010) ("When a defendant violates the laws of two different sovereigns, the rule is that the sovereign which first arrests him acquires the right to prior and exclusive jurisdiction over him.") (internal quotations omitted).

Additionally, this primary jurisdiction continues until the first sovereign has relinquished it in some way. Typically, a sovereign may only relinquish primary jurisdiction in four ways: release on bail, dismissal of the charges, release on parole, or expiration of the sentence. *Cole*, 416 F.3d at 897. Moreover, critical to the circumstances presented here, federal courts have uniformly held that the sovereign that first arrests a prisoner maintains primary custody, even when the prisoner is taken to federal court under a writ of habeas corpus ad prosequendum; in such instances, the prisoner is merely "on loan" to the federal sovereign. *Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992); *see also Huffman v. Perez*, 230 F.3d 1358 (Table), 2000 WL 1478368 (6th Cir. Sept. 27, 2000); *United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *Easley v. Steep*, 5 F. App'x 541 (7th Cir. 2001); *Silva-Rodriguez v. O'Brien*, 2010 WL 2326539, at *3 (W.D. Va. June 9, 2010) ("Lending an inmate via a writ of habeas corpus ad prosequendum to another jurisdiction does not relinquish a sovereign's primary jurisdiction."); *Pease v. Cauley*, 2009 WL 1505734, at *3 (E.D. Ky. May 29, 2009) ("The well-established rationale is that the second sovereign has only 'borrowed' him and the State retains primary jurisdiction over him."). This principle is equally true even when the "loan" to the second sovereign is a lengthy one. *See,*

*e.g., Huffman*, 2000 WL 1478368, at *2; *Rios v. Wiley*, 201 F.3d 257, 271-74 (3d Cir. 2000); *Banks v. Wilson*, 2009 WL 5125282, at *3 (E.D. Ky. Dec. 17, 2009).

In the present action, while Cunningham was in the primary custody of Tennessee, he was "borrowed" from the state of Tennessee, pursuant to a writ of habeas corpus *ad prosequendum*, by the United States Marshal for purposes of appearing in federal court on various proceedings related to his federal charges. As noted above, however, the temporary removal or transfer of a prisoner from state custody to federal authorities, in compliance with a writ of habeas corpus *ad prosequendum*, does not operate to transfer primary custodial jurisdiction from the state to federal authorities. In short, such a transfer does not alter the fact that the prisoner remains in the primary custody of the state. *See, e.g., Easley v. Stepp*, 5 F. App'x 541 (7th Cir. 2001).

In the present action, Cunningham was first arrested on August 2, 2002, and detained by the State of Tennessee for state offenses. The federal authorities "borrowed" Cunningham via a writ of habeas corpus *ad prosequendum* for court appearances concerning his federal charges, and he was ultimately returned to State custody, with a federal detainer, after his federal sentence was imposed on May 12, 2004. Under these circumstances, the State of Tennessee had primary jurisdiction over Cunningham, beginning with his arrest and detention on August 2, 2002, and continuing until Cunningham had served both his state sentence on the parole violation charge and the six-year sentence imposed on the Aggravated Robbery conviction in Case No. 02-691, all of which had priority over his federal sentence. *See, e.g., Ponzi*, 258 U.S. at 260-262; *Cole*, 416 F.3d at 897; *Jones v. Winn*, 13 F. App'x 419, 420 (7th Cir. 2001).

**B.**

Under 18 U.S.C. 3585(a), a federal sentence starts to run when the defendant is received

5

into custody and is ready to serve his sentence. When a defendant is in primary custody of the state and has been brought before the court by a writ of habeas corpus *ad prosequendum*, he is not in federal custody ready to start service of his federal sentence. *United States v. Hayes*, 535 F.3d 907 (8th Cir. 2008).

Cunningham contends that Tennessee relinquished its primary jurisdiction over him on or about May 12, 2004, after he completed service of his parole violation sentence on May 6, 2004. Cunningham submits that once his parole violation sentence had expired, he was in federal custody, and he should be given credit on his federal sentence from that time forward. However, Cunningham overlooks the fact that even though he had served his parole violation sentence, Tennessee continued to have primary jurisdiction over him due to the Aggravated Robbery charge that was still pending against him, for which he had been indicted on November 4, 2002, and was still awaiting trial at the time of imposition of the federal sentence. In a nutshell, Cunningham is of the mistaken belief that he was released from state custody on or about May 6, 2004.

Consequently, this Court concludes that Cunningham's federal sentence did not commence until he was received into federal custody after completion of his six-year state sentence for robbery in Case No. 02-691 on or about March 19, 2008.

## C.

Title18 U.S.C. § 3584(a) states, in pertinent part, that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Subsequent to his arrest on August 2, 2002, and his detention in state custody on the parole violation charge and the two state court charges in Case Nos. 02-691 and 02-692,

Cunningham was sentenced by a federal district court on May 12, 2004, at which time he was in the custody of the state of Tennessee. The federal court was silent on the issue of concurrent or consecutive sentences. Thus, pursuant to 18 U.S.C. § 3584(a), the federal sentence was a consecutive sentence.

Cunningham was next sentenced by the Madison County Circuit Court in Tennessee on June 21, 2004, on the Aggravated Robbery charge that was amended to Robbery in Case No. 02-691. The state court imposed a six-year sentence and ordered that it run concurrently with his federal sentence, and Cunningham was then transferred to the TDOC for service of that six-year sentence. Irrespective of the fact that the Tennessee state court ordered this six-year sentence to run concurrently with his federal sentence, Cunningham's federal sentence was, in fact, a consecutive sentence imposed while he was in state custody. The federal sentence had not yet begun to run on June 21, 2004, because he was still in state custody on that date. The fact that the Tennessee state court directed Cunningham's six-year sentence to run concurrently with his federal sentence had no impact on his federal sentence, since the Tennessee state court had no authority to commence Cunningham's service of the federal sentence.

In short, the May 12, 2004, federal sentence remained consecutive to the subsequent June 21, 2004 state sentence, as the state court's direction otherwise is not binding on either the federal courts or the BOP. *See Gourley v. Wilson*, 2009 WL 2448502 (E.D. Ky. Aug. 10, 2009) (citing *Barden v. Keohane*, 921 F.2d 476, 478 n. 4 (3d Cir. 1990); *see also Rambo*, 2010 WL 4791970; *Banks*, 2009 WL 5125282, at *4 (Petitioner's "state sentence was ordered to run concurrently. His federal sentence was not ordered to run concurrently.... Therefore, 18 U.S.C. § 3584(a) controls for the federal sentence to run consecutively."); *United States v. Allen*, 124 F.

App'x 719 (3d Cir. 2005) ("While a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP.").

The BOP does, however, have the power to designate the state facility as the place for serving the federal sentence. Such designation has the effect of having the federal sentence run concurrently with the state sentence. In *Barden v. Keohane, supra*, the Court held that the BOP must consider an inmate's request for concurrent service of the state and federal sentences. As a result of the decision in *Barden*, the BOP considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for *nunc pro tunc* designation. Although the BOP must consider a prisoner's *nunc pro tunc* request, it is not obligated to grant that request. *Barden, supra*. As part of the *Barden* review, the BOP gathers information. In Cunningham's case, the BOP sent a letter to the federal sentencing judge to inquire as to whether he had an opinion as to whether Cunningham's federal and state sentences should run concurrently. [*See* R. 15, Attachs. 12 and 8.]

Respondent advises that while Cunningham was administratively appealing his sentence calculation, the BOP's Regional Director recognized, in processing the appeal, that his case was appropriate for consideration of a *nunc pro tunc* designation. Subsequently, the BOP's personnel at the Designation and Sentence Computation Center ("DSCC") conducted a *Barden* review to determine whether to grant Cunningham's request for a retroactive designation of the state institution as the institution for service of his federal sentence. The five (5) factors set forth in §

3621(b) were considered with respect to Cunningham's particular circumstances, and the sentencing court was contacted for its input.[1] [*See* R. 15, Attachs. 12 and 10.]

After consideration of all five (5) factors and the sentencing court's input, the BOP determined that the circumstances did not warrant a *nunc pro tunc* designation and declined to grant Cunningham a retroactive designation of concurrency under §3621(b). There is no evidence that the BOP abused its discretion in denying Cunningham's request for a retroactive concurrent designation. Therefore, there is no basis to grant habeas relief upon the BOP's exercise of its discretion. The BOP has done all that it is statutorily required to do, and its substantive decision not to grant Cunningham a *nunc pro tunc* designation is not subject to review by the district court. *Barden*, *supra*, 921 F.2d at 484; *see also Cooper v. Deboo*, 2010 WL 55903 (N.D. W.Va. Jan. 4, 2010).

## III.

For the foregoing reasons, Cunningham's habeas petition filed pursuant to 28 U.S.C. § 2241 is without merit. Accordingly, **IT IS HEREBY ORDERED** that:

1. Kevin Lamont Cunningham's habeas petition filed pursuant to 28 U.S.C. § 2241 [R. 2] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the active docket;

3. Judgment shall be entered contemporaneously with this Order in favor of Warden

---

[1] Those factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission.

Eric D. Wilson, the named Respondent.

This the 22nd day of June, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge